TALIAFERRO, Judge.
Plaintiff appealed from judgment that sustained exceptions of no cause and no right of action interposed by defendant against the efficacy of his petition. He sued to recover damages allegedly done to his car by the pick-up truck of the defendant in a collision between the two vehicles, in the day time, on the Springhill-Shonga-loo Highway, in Webster Parish, Louisiana.
It is alleged in the petition that immediately prior to the collision, while traveling westerly on said highway at a speed of approximately thirty-five (35) miles per hour, and well on his right side thereof, he “came upon the defendant driving his pickup truck in the same westerly direction * * * on the same right hand side of said highway, at a speed unknown to petitioner.” He further alleged-:
“That as your petitioner approached the defendant on said highway, your petitioner sounded his horn three or four times in order to pass the defendant and upon seeing the said highway cleared of oncoming traffic, your petitioner began to negotiate passing the defendant.
“That as the front end of your petitioner’s automobile came alongside the rear of the defendant’s pick-up truck, the defendant suddenly and without giving any signal of the hand attempted to negotiate a left turn on to a side road intersecting the Springhill-Shongaloo road from the south.
“That upon seeing the defendant suddenly and without warning and without the proper hand signal begin to turn left, your petitioner pulled his automobile farther to the left and increased his speed to go around the defendant, but the defendant continued his left turn and your petitioner had no other choice except to collide with the defendant.
“That at the time of the accident above mentioned the weather was extremely dry and visibility clear and the said highway at the point of the collision was straight for several hundred feet in both directions from said point.
“In the alternative, and only in the alternative, should the petitioner be found con-tributorily negligent in the above set forth accident, your petitioner shows that the defendant had the last clear chance to avoid the accident by virtue of the facts set forth in Articles 4 through 7 of this petition.”
In the exceptions it is alleged: “That plaintiff’s petition discloses that plaintiff was guilty of negligence, which was the proximate cause of the accident described therein, or, at least amounted to -contributory negligence sufficient to bar plaintiff’s right of recovery.”
To support the exceptions, appellee relies upon paragraphs (b) and (c) of the Highway Regulatory Act, Act No. 286 of 1938, § 3, rule 7, LSA-RS 32:233, subds. B, C. They read as follows, to-wit:
“The driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction.
“The driver of a vehicle shall not drive to the left side of the center line of the highway in overtaking and passing another vehicle traveling in the same direction, unless such left side is clearly visible and free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in perfect safety; provided, that whenever an accident occurs under such circumstances, the responsibility therefor shall rest prima facie upon the driver of the vehicle doing the overtaking or passing.”
Of course, for the purpose of passing on the merits of the exceptions, the well pleaded facts are accepted as -correct.
Analyzing the salient allegations of the petition, we find that plaintiff sounded his horn three or four times, indicating his purpose and desire to pass the defendant’s truck; that he continued forward until the front end of his car was alongside of the rear of the defendant’s truck; that defendant suddenly and without notice or sig *258 nal of his intention to do so, attempted to turn to his left and enter upon an intersecting road that coursed southerly; that upon realizing what defendant was trying to do, plaintiff pulled his car to his left “and increased his speed to go around said defendant”, hut the effort was futile and the collision followed.
Of material bearing upon his case, plaintiff did not allege that defendant heard the sounding of his horn, nor that he observed his (plaintiffs) car behind him as he began the turn; nor that he, plaintiff, reduced his speed to any extent while expecting to see some act or signal by defendant to indicate that he had heard the horn or had seen the car as it approached him.
It will be observed from subsection (c) of Rule 7, quoted above, that under no circumstances should the driver of a motor vehicle overtake and pass another motor vehicle, going in the same direction, at any intersection of a highway, except under certain conditions that do not appear herein. It is clear from the allegations that plaintiff was trying to do the very thing this rule positively enjoined upon him not to do or try to do; and it is equally clear that but for this careless and imprudent action on his part, the accident would not have occurred. It was on his part a flagrant violation of a traffic law, designed to protect those who motor upon the highways of the State, and, per se, was an act of negligence.
In the alternative, plaintiff argues that from the allegations of the petition, it may be concluded that the defendant had the last clear chance to avoid the accident, but did not avail himself of it. He cites and relies upon Cassar et ux. v. Mansfield Lumber Company, Inc., et al., 215 La. 533, 41 So.2d 209, as supporting this position. The case is not apposite. There the driver of the forward car testified that he heard the signals of and saw the car behind him, one hundred twenty (120) feet away, immediately prior to the collision. That is not the case here. The last clear chance doctrine was properly applied.
Whatever may be said of the negligence of the defendant in the present case, the conclusion is inescapable that plaintiff’s own negligence, if not the proximate cause, was surely a proximate cause of the collision, and this being true, he is barred from recovery of the damages for which he sued.
The judgment from which appealed, is correct; and, for the reasons herein assigned, it is affirmed with costs.